NicholsoN, C. J.,
delivered the opinion of the Court.
This is an application to the Chancellor to vacate a judgment at law, and to give to the complainant a new trial in the Circuit Court. This kind of relief has occasionally been granted by the Chancery Courts, but such exercises of its jurisdiction are of rare occurrence, and when granted, must be based upon clear proof of fraud on the part of the successful party at law, or of unavoidable accident, unmixed with negligence on the part of the unsuccessful party or his agent. Seay & Sheppard v. Hughes, 5 Sneed, 155.
The allegation in this case is, that complainant did not make his defense, because he was prevented by threats of personal violence from attending the Court at the time of trial. It is not alleged that he was prevented from making his defense by the threats of defendant, or that defendant Avas in anywise responsible for the danger to which he alleges he would have been exposed in attending court. Nor is it alleged or shoAvn by proof, that he could not have made a defense through an agent or attorney at law. We are unable to see any valid ground on which the relief prayed for by complainant can be granted.
The decree of the Chancellor will, therefore, be affirmed.